# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA KELLEY FORBES, | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-0065-WS-C |
| G-1 MECHANICAL, INC. and NOEL SMITH, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, *sua sponte*, for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). As explained at the status hearing conducted on August 22, 2011, and further set forth below, it is **RECOMMENDED** that plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

## Findings of Fact

Plaintiff's complaint (Doc. 1) was filed on February 7, 2011. Defendants G-1 Mechanical and Noel Smith were served on March 24, 2011 (*see* Doc. 9), and G-1 filed its answer (Doc. 10) on April 14, 2011.[1]  On May 9, 2011, plaintiff's counsel filed a motion to withdraw (Doc. 13), a copy of which was served on plaintiff in accordance with Local Rule 83.5(h) (*see id.* at 4). And the Court granted the motion (Doc. 14) on May 11, 2011,

---

[1] Smith filed a motion to extend the time for him to respond to the complaint (Doc. 11) on April 14, 2011, which the Court granted (*see* Doc. 12). Smith has yet to file a response, but due to the undersigned's recommendation that this matter be dismissed without prejudice, Smith's failure to respond is **MOOT**.

noting that counsel's motion presented

> a classic example of a plaintiff who has repeatedly failed to provide (over a period of some four months) her attorneys with the information or resources they need to prosecute the case on her behalf. (*See* [Doc. 13] at ¶¶ 2-6.) The motion, moreover, shows that plaintiff has repeatedly failed to communicate with her attorneys (*id.*), even against the backdrop of counsel's warning that her failure to do so would result in counsel filing the instant motion (*id.* at ¶ 6).

(Doc. 14 at 1.) The Court's May 15, 2011 Order further informed plaintiff

> that the progress of this case will not be delayed because she is without counsel, and the Court will not be inclined to grant extensions because plaintiff is without counsel. Plaintiff is expected to comply with all deadlines, and is informed that **her failure to comply with deadlines or respond to motions could result in the dismissal of this action for failure to prosecute**.

(*Id.* at 2 (emphasis in original).)

On May 18, 2011, the Court entered a preliminary scheduling order requiring the parties meet and file their report pursuant to Rule 26(f) no later than July 5, 2011. (Doc. 15 at 1.) That report was not filed. The Court then entered an order (Doc. 17) on July 14, 2011 setting a scheduling conference, pursuant to Rule 16, on August 22, 2011. Plaintiff was once again "**cautioned that her failure to appear at this hearing may lead to dismissal of her lawsuit**." (*Id.* at 2 (emphasis in original).)[2] The undersigned conducted a scheduling conference on August 22, 2011, at which counsel for defendant

---

[2] A copy of this order and the Court's May 15, 2011 Order were sent to plaintiff by certified mail, return receipt requested, at the address at which her counsel served their motion to withdraw (*See* Doc. 17 at 3.) That communication was first forwarded to a new address and then returned to the Court as "unclaimed." (*See* Doc. 18.)

G-1 was the sole attendant.

## Conclusions of Law

As previously set forth, in the May 18, 2011 Order, this

> Court no doubt possesses the power to dismiss this action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed. R. Civ. P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order"), [but] the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).

(Doc. 17 at 2 n.2)

Plaintiff has twice been warned, and twice ignored, this Court's admonition that her failure to prosecute this case will lead to its dismissal. Such conduct—"ignoring warnings" in "defiance of [ ] court order[s]" that has resulted in "wasteful expenditure[s] of the court's time," *Chamorro*, 304 F.3d at 4-5—clearly qualifies as "contumacious," and thus necessitates the sanction of "dismissal of an action for failure to prosecute,"

3

*McKelvey*, 789 F.2d at 1520.

## Conclusion

For the reasons set forth above, the undersigned—after consideration of lesser sanctions, which the undersigned believes will not suffice given the record in this case—**RECOMMENDS** that the Court **DISMISS** plaintiff's case **WITHOUT PREJUDICE**, pursuant to Rule 41(b), for failure to prosecute and for failure to abide by the orders of this Court.

**DONE** this the 7th day of September, 2011.

                                              s/WILLIAM E. CASSADY
                                              **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).